UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELITO C. MERCADO, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:17-cv-0320-TWP-TAB |
| BARTHOLOMEW COUNTY SHERIFF'S DEPARTMENT, MATT MYERS, | ) ) ) ) |
| Defendants. | ) ) |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

The plaintiff shall have **through March 8, 2017**, in which to either pay the $400.00 filing fee for this action or demonstrate that he lacks the financial ability to do so.

**II.**

Mercado asserts in his complaint that while he has been incarcerated at the Bartholomew County Jail on October 31, 2016, staff failed to provide medical treatment in violation of the Eighth Amendment for drugs he accidentally ingested.

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), a pre-trial detainee at the Bartholomew County Jail, the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129

S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by the plaintiff, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### III.

Based on this screening, the complaint must be **dismissed**. Mercado names as defendants the Bartholomew County Sheriff's Department and Sherriff Myers. But he fails to state a claim against either of these defendants. First, he does not assert that the alleged violations of his rights were the result of a widespread policy of practice, which is required to hold the Sheriff's Department liable. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816 (7th Cir. 2009) (a municipal entity is not vicariously liable under 42 U.S.C. § 1983 for the alleged misdeeds of its employees, but only if the injury alleged is the result of a policy or practice). In addition, Mercado does not allege that Sheriff Myers personally participated in the alleged acts. Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 129 S. Ct. at 1948.

For the foregoing reasons, the complaint is **dismissed.** The dismissal of the complaint will not lead to the dismissal of the action at present. Instead, the plaintiff shall have **through March 8 2017,** in which to file an amended complaint.

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended

complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. **The clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Entry.

If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

**IT IS SO ORDERED**.

Date: 2/9/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Angelito C. Mercado
209 Franklin St. Apt. B
Edinburgh, IN 46214

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.