# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELITO C. MERCADO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:17-cv-0320-TWP-TAB |
| | ) |
| BARTHOLOMEW COUNTY SHERIFF'S | ) |
| DEPARTMENT, MATT MYERS, | ) |
| OFFICER LEITMAN, SGT. REED, | ) |
| | ) |
| Defendants. | ) |

## ENTRY

This matter is before the Court for screening of Plaintiff Angelito C. Mercado's Amended Complaint [dkt. 11]. As an initial matter, Plaintiff's motion to proceed *in forma pauperis*, [dkt. 14], is **granted**. He is assessed an initial partial filing fee of Six Dollars and Seventy-Six Cents ($6.76). Plaintiff shall have **through May 18, 2017**, to pay this sum to the clerk.

## I. LEGAL STANDARD

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints filed by plaintiffs proceeding *in forma pauperis* before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under this rule,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II.    DISCUSSION

Plaintiff brings this action against Defendants Officer Lehman and Sergeant Reed. Plaintiff alleges that on October 31, 2015, he came into the Bartholomew County Jail in Columbus, Indiana, and alerted Officer Lehman that he had accidentally ingested drugs and needed immediate medical assistance. Officer Lehman replied that there was not a nurse on duty and the Jail did not have anything to help him vomit up the drugs. Minutes later, Plaintiff asked to use the telephone to call a parent to bond him out and take him to the hospital. Officer Lehman and Sergeant Reed placed Plaintiff in a wheelchair and wheeled him to the phone. Unfortunately, Plaintiff passed out as he was dialing the phone and fell to the floor. As Officer Lehman and Sergeant Reed picked him up by his hands and feet, Plaintiff started kicking and screaming. The Defendants' "threw" Plaintiff into a jail cell. Officer Lehman and Sergeant Reed then allegedly ignored the plaintiff's repeated requested for water as he overdosed. Plaintiff drank toilet water in an attempt to vomit. He repeated this several times while yelling for help. Eventually, he passed out again. Officer Lehman and Sergeant Reed entered the cell and began undressing Plaintiff. When he awoke, Plaintiff began fighting Officer Lehman and Sergeant Reed. Sergeant Reed pressed his thumb in Plaintiff's neck. Plaintiff continued struggling with Officer Lehman and Sergeant Reed. Finally, the officers left Plaintiff's cell.

Plaintiff alleges that he sustained a throat injury and had to be life-lined to Indianapolis for medical treatment. He alleges an Eighth Amendment claim of deliberate indifference to a serious

medical condition. Based on these facts, Plaintiff's Eighth Amendment claim for deliberate indifference **may proceed**.

Plaintiff also alleges Officer Lehman and Sergeant Reed used excessive force on him. This exact claim is already proceeding in 1:17-cv-324-JMS-MJD, and is therefore dismissed as duplicative. *see Rizzo v. City of Wheaton, Ill.*, 462 Fed. Appx. 609, 613 (7th Cir. 2011); *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995).

### III.    CONCLUSION

Given the foregoing, the following claims **shall proceed**:

An Eighth Amendment claim for deliberate indifference against Defendants Officer Lehman and Sergeant Reed.

The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to the Defendants' (1) Officer Lehman; and (2) Sergeant Reed in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the amended complaint (docket 11), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 4/19/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Officer Lehman
Bartholomew County Jail
543 2nd Street
Columbus, IN 47201

Sergeant Reed Bartholomew
County Jail 543 2nd Street
Columbus, IN 47201

ANGELITO C. MERCADO
Bartholomew County Jail
543 2nd Street
Columbus, IN 47201